IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD BUTTON, et al.,                :
                                      :
         Plaintiffs,                   :
                                      :  3:12-CV-01941
v.                                    :
                                      :  (JUDGE MARIANI)
ALAN SNELSON, et al.,                 :
                                      :
         Defendants.                   :

MEMORANDUM OPINION

I. Introduction

Presently before the Court is a Motion for a More Definite Statement filed by Defendants Alan Snelson and Dorrance Township (Doc. 6). This case arose when Plaintiffs alleged violations of their procedural and substantive due process rights pursuant to the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. (Complaint, Doc. 1, at ¶¶ 36-40.) Specifically, they alleged that Defendant Alan Snelson, the Dorrance Township Zoning Officer, engaged in various forms of impropriety to destroy Plaintiffs' propane-storage business and the use of the land it sat on "solely out of disdain for Plaintiffs and Plaintiffs' business and not by reason of the criteria of law." (Id. at ¶ 35.) Because, as discussed in more detail below, the Court finds that Plaintiffs' Complaint is not "so vague or ambiguous that [Defendants] cannot reasonably

prepare a response," see Fed. R. Civ. P. 12(e), the Court will deny the Motion for a More Definite Statement.

## II. Defendants' Motion for a More Definite Statement

Defendants appear to base their Motion on two grounds.

First, they argue that "Defendants do not know whether the Plaintiffs contend that they have obtained all necessary approvals required under the terms of the Dorrance Township Subdivision and Land Development Ordinance, as well as any other governmental regulatory body." (Defs.' Mot. for More Definite Statement, Doc. 6, at ¶ 7.) This perceived ambiguity appears to stem from an August 30, 2011 decision of the Dorrance Township Zoning Hearing Board (attached as Exhibit I to Plaintiff's Complaint), in which the Board found that "the storage of bulk fuel . . . is permitted as a valid, non-conforming use," but which concluded that "[a]ny future use of the subject property continues to be subject to all applicable Local, State, and Federal Laws and Regulations." (Id. at ¶¶ 3-5; Complaint, Ex. I.) Defendants argue that, without knowing whether Plaintiffs have obtained all the necessary approvals and/or permits from Dorrance Township and other government agencies, they cannot reasonably respond to Plaintiff's Complaint. (Defs.' Brief in Supp. of Mot. for More Definite Statement, Doc. 8, at 4.) They argue that their response to Plaintiffs' Complaint would be entirely different if

2

Plaintiffs have obtained such permits and approvals than it would be if Plaintiffs have not obtained them. (*Id.*)

Second, Defendants add that "the Complaint does not specify whether the Plaintiffs instituted [the aforementioned] proceedings in the Dorrance Township Zoning Hearing Board by filing an appeal from an enforcement notice, or submitted an application for the grant of a variance from the provisions of the Dorrance Township Zoning Ordinance." (Defs.' Mot. for More Definite Statement at ¶ 9.) Defendants argue that each of these two scenarios carries with it different implications concerning whether the Plaintiffs believed that they were in compliance with local zoning regulations at the time they brought the proceedings. (*Id.*) However, Defendants do not state whether this issue forms an independent basis for their Motion. Because it is not addressed in Defendants' Supporting Brief (Doc. 8) or in Plaintiffs' Brief in Opposition to the Motion (Doc. 10), the Court deems this argument waived as an independent basis for the Motion.

### III. Analysis

The clear text of Federal Rule 12(e) states that a party may move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed R. Civ. P. 12(e). The rule "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party

3

will not be able to frame a responsive pleading." *Schaedler v. Reading Eagle Publ'n*, 370 F.2d 795, 798 (3d Cir. 1966). "Motions for a more definite statement are not viewed with favor and should be granted only if the allegations contained in the complaint are so vague that the defendant cannot reasonably be expected to frame a response to it." *Wilson v. U.S.*, 585 F. Supp. 202, 205 (M.D. Pa. 1984).

Such is not the case here. Plaintiffs' Complaint is neither vague nor ambiguous. Rather, it lays out Plaintiffs' claims for relief in clear and precise language. Even if we assume that Plaintiffs' Complaint omits facts that Defendants deem important, such does not preclude Defendants from filing a responsive pleading. Indeed, Defendants' Brief in Support of their Motion provides no reason to believe that they cannot in fact submit a responsive pleading. It merely argues that if Plaintiffs have obtained the requisite permits and approvals for their land, Defendants would assert one defense, and if they have not obtained such permits and approvals, Defendants would frame "entirely different issues." (Defs.' Brief in Supp. of Mot. for More Definite Statement at 4.) However, the Court cannot agree that simply having to assert two or more alternative but inconsistent defenses is somehow equivalent to being unable to "reasonably prepare a response." *See* Fed R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.")

4

A motion for a more definite statement "is not a substitute for the discovery process." *Walker v. Wentz*, 2009 WL 700112, at *1 (M.D. Pa. 2009) (quoting *Wheeler v. U.S. Postal Serv.*, 120 F.R.D. 487, 488 (M.D. Pa. 1987)). But the issues that Defendants raise in their Motion could easily be resolved in the discovery process and do not bear on the vagueness or ambiguity of Plaintiffs' Complaint. As such, a Motion for a More Definite Statement is an inappropriate means of resolving these issues.

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendants' Motion for a More Definite Statement (Doc. 6). A separate Order follows.

Robert D. Mariani

United States District Judge